**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2658-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SAMUEL LOPEZ,

     Defendant-Appellant.

_____

Submitted September 17, 2024 – Decided October 21, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-04-1216.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Samuel Lopez appeals from a February 24, 2023 order denying his petition for post-conviction relief (PCR). He contends that his claims were not procedurally barred under Rule 3:22-4, his trial and appellate counsel provided ineffective assistance, and he was entitled to an evidentiary hearing. Because defendant failed to establish a prima facie showing of ineffective assistance of either trial or appellate counsel, we reject his arguments and affirm.

I.

On the evening of September 27, 2015, a victim was robbed and shot in Camden, New Jersey. Thereafter, the victim died of his gunshot wounds. Defendant and co-defendant Raymond Pagan were indicted on several charges related to the shooting and murder of the victim.

A jury convicted defendant of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). Defendant was acquitted on the charge of first-degree murder and the lesser-included offense of manslaughter.

In November 2017, defendant was sentenced to an aggregate prison term of forty-five years, with periods of parole ineligibility and parole supervision as

2

prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The convictions for first-degree armed robbery and second-degree possession of a weapon for unlawful purposes were merged with the felony murder conviction. On the conviction of felony murder, defendant was sentenced to forty-five years subject to NERA. He was also sentenced to a concurrent prison term of seven years for the conviction of second-degree unlawful possession of a weapon.

Defendant filed a direct appeal challenging his convictions and sentence. Initially, we affirmed in part, remanded, and directed the trial court to further evaluate the admission of certain text messages between defendant and co-defendant Pagan. State v. Lopez, No. A-2623-17 (App. Div. June 28, 2019) (slip op. at 2-3). We further directed that, if on remand the court found that the text messages were admissible, then defendant's conviction and sentence would remain in place. Id. (slip op. at 3).

Following our remand, a different judge held a hearing to consider the admissibility of the texts because the judge who had overseen the trial had retired. Ultimately, the second judge found that there was sufficient evidence of a conspiracy between defendant and Pagan and, therefore, held that the text messages had been properly admitted. Therefore, under our ruling the existing convictions and sentence remained in place.

3

Defendant appealed from that order, but we affirmed.  State v. Lopez, No. A-1210-19 (App. Div. Sept. 23, 2020) (slip op. at 6).  Thereafter, the New Jersey Supreme Court denied defendant's petition for certification.  State v. Lopez, 244 N.J. 564 (2020).

In May 2021, defendant, representing himself, filed a petition for PCR. He was assigned counsel and, with the assistance of counsel, submitted a supplemental brief and certification in support of his petition.  Defendant alleged his trial counsel had been ineffective by failing to confer with him about calling certain witnesses, inadequately advising him on his right to testify, and failing to make appropriate objections at trial.  In his certification, defendant also alleged that his trial counsel had an inappropriate friendship with the prosecutor, his trial counsel failed to remove a juror who had known a testifying detective, and the judge who oversaw his trial was improperly replaced by a different judge on remand.  In addition, defendant contended that his appellate counsel had been ineffective in failing to raise all those issues on direct appeal.

On January 5, 2023, the PCR judge heard argument on defendant's petition.  Thereafter, on February 24, 2023, the PCR judge issued an oral decision and written order denying defendant's petition for PCR.  In the oral decision, the court analyzed each of defendant's arguments and determined that

certain arguments should have been raised on direct appeal and all the other arguments failed to establish a prima facie showing of ineffective assistance of either trial or appellate counsel. Accordingly, the PCR judge denied the petition without an evidentiary hearing. Defendant now appeals from the February 24, 2023 order denying his PCR petition.

## II.

On this appeal, defendant raises three main arguments, which he articulates as follows:

> POINT I – [DEFENDANT'S] CLAIMS ARE NOT PROCEDURALLY BARRED UNDER R. 3:22-4 FROM BEING RAISED IN THIS PETITION FOR POST-CONVICTION RELIEF.
>
> (A) Legal Standards Governing Applications For Post-Conviction Relief.
>
> (B) [Defendant's] Claims are Not Barred by R. 3:22-4.
>
> POINT II – BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR PCR.
>
> (A) Defense Counsel was Ineffective for Failing to Investigate.
>
> (B) Defense Counsel was Ineffective for Failing to Properly Advise [] Defendant About His Right to Testify.

5

(C) Defense Counsel was Ineffective for Failing to Object at Trial.

(D) Appellate Counsel was Ineffective for Failing to Raise these Issues.

POINT III – IN THE ALTERNATIVE, BECAUSE DEFENDANT PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AND BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING

(A) Legal Standards Governing Post-Conviction Relief Evidentiary Hearings.

(B) In the Alternative, [Defendant] is Entitled to an Evidentiary Hearing.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of the petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

6

Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. To establish prejudice under prong two, "a defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Harris, 181 N.J. at 432 (quoting Strickland, 466 U.S. at 694).

PCR proceedings are not a substitute for a direct appeal. State v. Hannah, 248 N.J. 148, 178 (2021). In that regard, the New Jersey Supreme Court has explained that a defendant is "generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal" unless one of three exceptions applies. Ibid. (quoting Nash, 212 N.J. at 546). The exceptions are set forth in Rule 3:22-4(a)(1)-(3).

On this appeal, we need not analyze whether any of defendant's arguments are barred under Rule 3:22-4 because defendant has failed to make a prima facie showing of ineffective assistance of either trial or appellate counsel.

A-2658-22

Defendant contends he received ineffective assistance of counsel for four reasons. In that regard, he asserts that his trial counsel was ineffective for (1) failing to investigate defenses and call certain witnesses; (2) failing to properly advise him on his right to testify at trial; and (3) failing to make certain objections at trial. In his fourth argument, defendant alleges that his appellate counsel was ineffective in failing to raise those issues in his first appeal. Neither the record nor the law support any of those arguments.

      1.     Trial Counsel's Alleged Failure to Investigate and Call Certain Witnesses.

When a defendant asserts that his trial counsel failed to call certain witnesses, we consider "whether there is a reasonable probability that, but for the attorney's failure to call the witness, the result would have been different[;] that is, there would have been reasonable doubt about the defendant's guilt." State v. L.A., 433 N.J. Super. 1, 15-16 (App. Div. 2013); see also State v. Bey, 161 N.J. 233, 261-62 (1999) (declining to find ineffective assistance of counsel where the proffered testimony "would not have affected the jury's deliberations"). Furthermore, "a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'" State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, 466 U.S. at 693, 689).

8

Defendant argues his trial counsel was ineffective in failing to investigate or call seven witnesses: (1) the victim's mother; (2) a witness who saw the victim allegedly fighting two black men earlier in the day of the robbery and murder; (3) the victim's girlfriend; (4) an individual who was found to be in possession of the victim's phone and had told police he had bought it from two black males; (5) an investigator; (6) an unnamed witness who defendant alleged could have testified concerning a police report indicating that the crime involved two black males; and (7) defendant's mother, father, and an acquaintance.

Defendant did not submit an affidavit or certification from any of these potential witnesses. Moreover, defendant's certification in support of his PCR petition is too vague, conclusory, and speculative to warrant relief. State v. Marshall, 148 N.J. 89, 158 (1997). A PCR petition claiming ineffective assistance of counsel based on inadequate investigation "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Porter, 216 N.J. 343, 354-55 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). See also R. 3:22-10(c) (explaining that "[a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to

Rule 1:4-4 and based upon personal knowledge of the declarant"). Accordingly, defendant's claims about the failure to investigate these seven witnesses were mere "bald assertions." See Cummings, 321 N.J. Super. at 170 (explaining that "to establish a prima facie claim, a defendant must do more than make bald assertions that he was denied the effective assistance of counsel").

In addition, at trial several witnesses did testify concerning the possibility that two black males were involved in the shooting. Consequently, defendant's alleged testimony from these additional witnesses would not have raised an issue that was not already considered by the jury. Consequently, defendant has failed to show that the witnesses who were not called would have provided testimony that would have raised a reasonable doubt about defendant's guilt.

Defendant also raises four other contentions concerning his various counsel. He contends that his trial counsel was ineffective in (1) failing to object to a juror who knew a testifying witness; and (2) failing to object to a witness who was allegedly coached by the prosecutor. He also (3) argues that his trial counsel had a friendship with the prosecutor. Finally, (4) he contends that it was improper for a different judge to hear the remand rather than the original trial judge. None of these contentions have merit. Most critically, the defendant has shown no prejudice stemming from any of these contentions.

A juror had disclosed that while in high school, she knew a detective who was on the witness list. She also informed the trial court that she was capable of giving the detective's testimony the same weight and consideration as any other witness. There was no evidence, and defendant has supplied none, that his trial counsel had an inappropriate friendship with the prosecutor. The officer who testified did not say that she had been coached by the prosecutor; instead, she had simply indicated that she had spoken to the prosecutor before her testimony. Finally, the record establishes that the trial judge had retired before the remand hearing took place and, therefore, there was no basis to object to a different judge conducting the remand hearing.

2. Trial Counsel's Alleged Failure to Properly Advise Defendant Concerning His Right to Testify.

Defendant next contends that his trial counsel was ineffective in advising him concerning his right to testify. He argues that he did not "make a knowing and voluntary waiver" of his right because his attorney did not "discuss the pros and cons" of whether he should testify.

The trial record rebuts this argument. At trial, the trial judge discussed with defendant his right to testify and directed defendant to speak with his attorney about his rights. The judge then explained defendant's right to testify or not to testify. The judge also explained to defendant that if he elected not to

testify, the jury would be instructed on his right to remain silent. Thereafter, defendant's counsel requested the court to once more review with defendant his right to testify. Accordingly, the judge again explained defendant's right to testify or not to testify. After confirming that defendant had discussed his right to testify with his attorney, the trial judge had the following exchange with defendant on the record:

> [The Court]: I asked you to discuss these issues with your attorney when I spoke to you the other day. Have you spoken to your attorney about these issues?
>
> [Defendant]: Yes, your Honor.
>
> [The Court]: And your attorney has explained all of your rights to you regarding these issues?
>
> [Defendant]: Yes.
>
> [The Court]: And have you made a decision as to whether or not you wish to testify?
>
> [Defendant]: Yes.
>
> [The Court]: And what was your choice, sir?
>
> [Defendant]: It was not to testify.

3. Appellate Counsel's Alleged Ineffective Assistance.

Defendant asserts that his appellate counsel was ineffective for failing to raise on appeal all the issues defendant has asserted in his PCR certification. An

12

appellate counsel is not ineffective if counsel failed to appeal an issue that could not have prejudiced defendant.  State v. Reyes, 140 N.J. 344, 365 (1995); see also Harris, 181 N.J. at 499.  The analysis we have already undertaken demonstrates that appellate counsel would not have been successful if he or she had raised any of defendant's claims of ineffective assistance of trial counsel.  Consequently, defendant's contention that appellate counsel was ineffective has no merit.

    4.     Defendant's Request for an Evidentiary Hearing.

A petitioner is not automatically entitled to an evidentiary hearing.  Porter, 216 N.J. at 355.  Rule 3:22-10(b) provides that a defendant is only entitled to an evidentiary hearing on a PCR petition if he or she establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief.  Id. at 354 (quoting R. 3:22-10(b)).

Because defendant has failed to establish a prima facie showing of ineffective assistance of either trial or appellate counsel, he was not entitled to an evidentiary hearing.  Consequently, the PCR court did not abuse its discretion in denying defendant's request for an evidentiary hearing.

    Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2658-22